**Arthur J. DEREPKOWSKI, an Individual, Plaintiff,**

v.

**SMITH–LEE CO., INC., a corporation, Defendant.**

**No. 73–C–204.**

United States District Court,
E. D. Wisconsin.

Feb. 5, 1974.

William H. Kilberg, Sol. of Labor by Alan M. Serwer, Chicago, Ill., David B. Bukey, U. S. Atty., Milwaukee, Wis., for plaintiff.

Cummings & Parker by Richard C. Cummings, Lowville, N. Y., for defendant.

———◆———

DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on cross-motions for summary judgment. The parties have stipulated as to the material facts.

The defendant employer, Smith-Lee Co., Inc., transferred its Milwaukee operations to Oneida, New York, and paid seniority-based severance benefits to all of its Milwaukee employees who were terminated at the time of such transfer.

The plaintiff, Arthur Derepkowski, who was an employee on military leave of absence at the time of the transfer of operations, made timely application for reinstatement after his military service. Mr. Derepkowski was offered a position at the defendant's new Oneida, New York, operation, but he was not offered severance pay, which totaled $250.00. The plaintiff claims that under the provisions of § 9 of the Military Selective Service Act of 1967, 50 U.S.C.App. § 459(c), he is entitled to the same seniority-based benefits which were received by all of the Smith-Lee Company's other Milwaukee employees who were terminated during his absence.

Section 9 of the Miltary Selective Service Act of 1967, 50 U.S.C.App. § 459, provides that if a person leaves a position to perform military service, and, thereafter, as a veteran, makes timely application for employment:

" (b) Reemployment rights

"(A) . . . .

"(B) if such position was in the employ of a private employer, such person shall —

"(i) if still qualified to perform the duties of such position, be *restored . . . to a position of like seniority, status, and pay; . . . unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;* (emphasis added).

The statute also states that:

"(c) Service considered as furlough or leave of absence

(1) Any person who is *restored* to a position in accordance with the provisions of paragraph . . . (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, (and) shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces. . . ." (emphasis added).

Finally, § 9(c)(2) provides:

"It is declared to be the sense of Congress that any person who is *restored* to a position in accordance with the provisions of paragraph . . . (B) of subsection (b) should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment." (emphasis added).

Smith-Lee claims that the statute does not require the payment of the requested severance benefits because § 9(b)(2)(B) first requires restoration to a position before any other lost benefits need be paid. Further, Smith-Lee argues that its circumstances have so changed as to make such restoration or reemployment "impossible or unreasonable" for purposes of the proviso contained in § 9(b)(2)(B), and that it need not pay to Mr. Derepkowski the severance benefits which it admits would have been paid to him had he not been absent in military service.

The defendant's assertion that it is unable to restore Mr. Derepkowski to a "position" is unsound. Smith-Lee is obliged by § 9(b)(2)(B) to restore the plaintiff to the "status" he would have enjoyed had he been present in the defendant's employ rather than in military service—the "status" being that of a terminated employee eligible for severance pay.

The fact that Smith-Lee offered the plaintiff reemployment with full seniority in his pre-service position at its new Oneida, New York, operation somewhat undercuts the defendant's contention that it was unable to restore the plaintiff to a position. In Accardi v. Pennsylvania R. Co., 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966), the United States Supreme Court held that military service is considered as "compensated service" time for the purpose of the computation and payment of severance benefits. Other cases supportive of the plaintiff's claim of entitlement to severance pay include Hire v. E. I. DuPont De Nemours & Co., 324 F.2d 546 (6th Cir. 1963); Taylor v. Southern Pacific Co., 308 F.Supp. 606 (N.D.Cal.1969).

I conclude that Smith-Lee's offer to Mr. Derepkowski of a position at its new Oneida, New York, operation, without an offer of severance benefits, constituted an offer inferior to that received by other of its employees at the Milwaukee operation. If Mr. Derepkowski had not been on military leave, Smith-Lee concedes that he would have received the same offer made to the other employees. The stipulated facts, the relevant statutory language and the applicable case law are all supportive of the plaintiff's contention that he is entitled to the severance pay.

Therefore, it is ordered that the defendant's motion for summary judgment be and hereby is denied and that the plaintiff's motion for summary judgment in the sum of $250.00, plus costs, be and hereby is granted.