653 F.Supp. 1015 (1985)
Donald BRYANT, Jr., et al., Plaintiffs,
v.
MURRAY-JONES-MURRAY, INC., et al., Defendants.
No. 83-2419C(6).
United States District Court, E.D. Missouri.
August 22, 1985.
John R. Musgrave, Ronald L. Hack, Coburn, Croft & Putzell, St. Louis, Mo., for plaintiffs.
Donald James, Gary E. Snodgrass, Brown, James & Rabbitt, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant Murray-Jones-Murray, Inc.'s (Murray) motion to dismiss Count I of plaintiff's complaint for failure to state a cause of action upon which relief can be granted.
Plaintiff, owner by purchase of the Sheraton Inn in Springfield, Missouri, brought Count I of this action for negligence against Murray, the architectural firm which prepared designs for and supervised construction of the building.[1] The complaint alleges that Murray was negligent in failing to use ordinary care in drawing up plans and specifications and/or in providing adequate supervision of the construction. Plaintiff seeks damages for the cost of repairs to the hotel and for lost revenues resulting from the alleged negligence.
Murray argues that under Missouri law recovery in tort is limited to cases in which there has been personal injury or damage to property other than the property in question, thereby precluding plaintiff from pursuing this negligence cause of action for recovery of economic loss alone. This principle, however, is not applicable to the present case which is an action based on the negligent rendition of services by a professional rather than on the negligent manufacture or provision of a defective product. See Aetna Ins. Co. v. Hellmuth, Obata & Kassabaum, Inc., 392 F.2d 472 (8th Cir.1968) (Missouri law allows recovery to a surety of construction company for economic loss occasioned by architect's negligence in failing to properly supervise construction project despite lack of privity between surety and architect); see also Rosos Litho Supply Corp. v. Hansen, 123 Ill.App.3d 290, 78 Ill.Dec. 447, 462 N.E.2d 566 (1984) (economic loss occasioned by an architect's negligent performance of his professional duties is recoverable in an action in tort); Cooper v. Jevne, 56 Cal. App.3d 860, 128 Cal.Rptr. 724 (1975) (distinguishes between liability of an architect for negligence in rendition of services and liability of a manufacturer for defective product).
Accordingly, defendant Murray's motion to dismiss is denied.
NOTES
[1] Counts II, III, and IV of plaintiffs' complaint, based on the same theory of recovery, are against the structural engineering firms and individual engineer involved in the project.