**ROCKPORT PHARMACY, INC., Appellee,**

v.

**DIGITAL SIMPLISTICS, INC., Appellant.**

No. 94–2548.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1995.

Decided April 21, 1995.

---

Arthur J. Kase, Kansas City, MO, argued (Julie L. Prewitt, on the brief), for appellant.

Anne L. Goodwin, St. Louis, MO, argued (Robert O. Appleton, Jr., on the brief), for appellee.

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

WOLLMAN, Circuit Judge.

Digital Simplistics, Inc. (Digital) appeals from the district court's denial of its motion for judgment as a matter of law or, in the alternative, for a new trial, filed after a jury found in favor of Rockport Pharmacy, Inc. (Rockport) on its negligence claim. We reverse.

## I.

Digital is a Kansas corporation with its principal place of business in Lenexa, Kansas. Digital designs and markets various computer hardware and software to retail pharmacies. Rockport is a Missouri corporation. At the time this action was commenced, Rockport was operating as a retail pharmacy in Jefferson County, Missouri.

In 1985, Digital contracted to provide Rockport with a customized computer system, including computer hardware and software. The parties also entered into a maintenance agreement.

Rockport purchased the computer system to maintain pharmaceutical records, screen for drug interaction problems, label prescriptions, and to process insurance claims. Sometime after purchasing the computer system, Rockport began experiencing problems in operating the system. After attempts at correcting those problems proved unsuccessful, Rockport terminated the maintenance agreement and discontinued receiving further software updates from Digital.

In 1989, Rockport filed a six-count complaint against Digital, alleging breach of contract, negligence, fraudulent misrepresenta-

tion, breach of express warranty, breach of warranty for a particular purpose, and breach of implied warranty of merchantability. Only the breach of contract and negligence claims were submitted to the jury. Digital moved for judgment as a matter of law at the close of Rockport's case and at the close of all the evidence.[1] These motions were denied. The jury found for Digital on the contract claim, but in favor of Rockport on the negligence claim and awarded damages of $56,000. Digital then filed a post-trial motion for judgment as a matter of law or, alternatively, for a new trial on the negligence claim. The district court also denied that motion and entered judgment against Digital. This appeal followed.

## II.

Digital argues that the district court erred in denying its motion for judgment as a matter of law. We review the denial of a motion for judgment as a matter of law *de novo*, applying the same standard employed by the district court. *Keenan v. Computer Associates International, Inc.*, 13 F.3d 1266, 1268 (8th Cir.1994).

Missouri law is applicable to this diversity case. We review the district court's interpretation of that law *de novo*. *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

### A.

Digital contends that it owed no duty in tort to Rockport arising out of a breach of contract and that Missouri law precludes tort liability in those cases in which the plaintiff seeks recovery solely for economic losses. Before considering the merits of this contention, however, we must first consider whether Digital has waived part of its argument in support of its post-verdict motion for judgment as a matter of law.

In its pre-verdict motions, Digital argued essentially that to recover in tort under Missouri law, there must be a duty of care owed to the plaintiff and that a mere breach of

contract does not establish such a duty. Digital cited to one federal district court case involving Missouri law for the proposition that a breach of contract does not give rise to tort liability. Digital repeated this same argument in its post-trial motion. In a supplemental brief supporting that motion, however, Digital provided further justification for its no-duty argument by citing to several cases in which Missouri courts have held that there is no tort liability in those cases in which the plaintiff is seeking recovery solely for economic losses.

The district court first rejected Digital's claim that it owed no duty to Rockport. Without considering the nature of Rockport's injury, the district court determined that under Missouri law, Digital owed Rockport a duty to, among other things, use that degree of care that an ordinary person would use in designing and maintaining a customized computer system. The district court then found that the duty of care and economic loss issues were separate, although interrelated, concepts. The district court held that because Digital did not raise the economic loss issue in its pre-verdict motion, it had waived this part of the argument. As a result, the district court concluded that the only issue preserved for consideration was whether Digital owed Rockport a duty of care that was independent of the parties' contractual relationship. Having already found that Digital owed such a duty, the district court denied Digital's motion.

■ Under Fed.R.Civ.P. 50(a), a motion for judgment as a matter of law must "specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." A post-trial motion for judgment may not advance additional grounds that were not raised in the pre-verdict motion. *Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051, 1061 (8th Cir.1993); *Diercks v. Durham*, 959 F.2d 710, 714 (8th Cir.1992). However, "[t]echnical precision is not necessary in stating grounds for the motion so long as the trial court is aware of the movant's position." *Cortez v. Life Insurance Co.*

---

1. Digital actually phrased its motions as a motion for directed verdict or for judgment n.o.v. These motions have been renamed as a motion for judgment as a matter of law. *See* Fed. R.Civ.P. 50. We refer here to Digital's pre and post-verdict motions using the current term.

*of North America,* 408 F.2d 500, 503 (8th Cir.1969) (quotation omitted).

We conclude that the district court erred in its application of Rule 50 to the facts of this case. Although the economic loss ground advanced in Digital's post-trial motion may have been somewhat different from the duty-of-care ground advanced in the pre-verdict motion, we conclude that those grounds were inextricably intertwined. *See Aguinaga v. United Food & Commercial Workers International Union,* 993 F.2d 1463, 1470 (10th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 880, 127 L.Ed.2d 75 (1994). Under Missouri law, "[i]n any negligence action, the plaintiff must first establish that a duty exists by the defendant to protect the plaintiff from the injury suffered." *Burns v. Black & Veatch Architects, Inc.,* 854 S.W.2d 450, 452–53 (Mo.Ct.App.1993). The mere existence of a contract does not give rise to a duty in tort. *Business Men's Assurance Co. of America v. Graham,* 891 S.W.2d 438, 453 (Mo.Ct.App.1994). Similarly, there is no duty to exercise reasonable care to protect against a loss that is purely economic in nature. *Crowder v. Vandendeale,* 564 S.W.2d 879, 882–84 (Mo.1978) (en banc). Consequently, in determining whether a breach of contract may give rise to tort liability, the nature of the alleged injury is an essential factor that must be considered. *Id.*

The substance of Rockport's negligence claim is for the recovery of losses arising out of a Digital's alleged breach of contract. Thus, the nature of Rockport's alleged injury is an essential factor in determining whether Digital can be considered to have owed Rockport a duty of reasonable care. The district court did not consider the nature of Rockport's injury in answering the duty question. Instead, it relied in part on expert testimony given at trial. The existence of a duty, however, "cannot be established by expert opinion of proper procedure." *Burns,* 854 S.W.2d at 453. Given that the nature of an alleged injury arising from a breach of contract is necessarily subsumed within the duty question, we conclude that the economic loss argument was adequately raised by Digital's duty-of-care argument. The nature of the claimed injury is a necessary element in answering the question whether Digital owed Rockport a duty of care that was independent of the parties' contractual relationship. Accordingly, we conclude that Digital's economic loss argument is properly before us.

**B.**

As noted above, Missouri prohibits a cause of action in tort where the losses are purely economic. "[R]ecovery in tort is limited to cases in which there has been 'personal injury, or property damage either to property other than the property sold, or to the property sold when it [i]s rendered useless by some violent occurrence[.]'" *R.W. Murray Co. v. Shatterproof Glass Corp.,* 697 F.2d 818, 828–29 (8th Cir.1983); *see also, e.g., Crowder,* 564 S.W.2d at 881–82; *Clevenger & Wright Co. v. A.O. Smith Harvestore Products, Inc.,* 625 S.W.2d 906, 909 (Mo.Ct.App. 1981). Here, the only damages Rockport alleged in its complaint were the original cost of the computer system, including maintenance and replacement expenses. These constitute economic losses not recoverable on a negligence theory. *See, e.g., Shatterproof Glass,* 697 F.2d at 829; *Clevenger,* 625 S.W.2d at 909.

Despite the damages alleged in its complaint, Rockport now argues that the economic loss doctrine does not present a bar to its negligence claim because the evidence at trial established that there was damage to property other than the property sold. Specifically, Rockport contends that it sustained a loss of data installed in the computer system. We conclude, however, that such losses represent nothing more than "commercial loss for inadequate value and consequent loss of profits." *See Shatterproof Glass,* 697 F.2d at 829 n. 11 (quotation omitted); *cf. Transport Corp. of America v. IBM Corp., Inc.,* 30 F.3d 953, 957 (8th Cir.1994) (Minnesota law) (damage to components integrated into computer system is not considered damage to other property for purposes of the economic loss doctrine). Accordingly, we reject Rockport's argument that it has sustained dam-

ages to other property.[2]

■ Rockport next argues that the economic loss doctrine does not apply in an action based on the "negligent rendition of services by a professional." *See Business Men's Assurance Co. of America*, 891 S.W.2d at 454; *Bryant v. Murray–Jones–Murray, Inc.*, 653 F.Supp. 1015 (E.D.Mo.1985). That exception, however, has only been applied to negligence claims involving defendants who have been held to a professional, rather than an ordinary, standard of care and who have provided professional services to the plaintiff. *See id.* Rockport does not allege that Digital violated any professional standard of care. Moreover, the contract between Rockport and Digital was not primarily for services, but rather for the sale of goods. The fact that the parties entered into a maintenance agreement as part of that sale does not transform Rockport's claim into a cause of action for the negligent performance of professional services.

The judgment of the district court is reversed, and the case is remanded to the district court with directions to enter judgment in favor of Digital on the negligence count.

2. We likewise reject Rockport's argument that a "computer crash" involving the loss of data can be considered a violent occurrence. "As a general rule, a calamitous event threatening bodily harm or damage to other property is required to create a 'violent occurrence[.]' " *Gibson v. Reli-* *able Chevrolet, Inc.*, 608 S.W.2d 471, 474 (Mo.Ct. App.1980). "Computer crash" is a commonly used descriptive term for computer malfunction. It should not given the literal interpretation sought by Rockport here to do service beyond its ordinary meaning.