# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-4282

_____

Jennifer S. Stocker,                           *
                                               *
            Plaintiff,                         *
                                               *
      v.                                       *
                                               *
Ralph Stracke; Marjorie Stracke,              *
                                               *
            Defendants - Appellees.           *
                                               *   Appeal from the United States
---------------------------------------------  *   District Court for the Western
                                               *   District of Missouri.
Patricia Stocker; Greg Stocker,               *
                                               *   [UNPUBLISHED]
            Third Party Defendant -           *
            Appellants,                        *
                                               *
      v.                                       *
                                               *
Ralph Stracke; Marjorie Stracke,              *
                                               *
            Third Party Plaintiff -           *
            Appellees.                         *

_____

Submitted:  December 10, 1997
Filed:  August 12, 1998

_____

Before BOWMAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Appellants Greg Stocker and Patricia Stocker[1] challenge the district court judge's failure to recuse himself from this case. See 28 U.S.C. §§ 144 and 455(a) (1994). The Stockers also assert that the district court erred by failing to grant their motion to alter or amend the jury verdict in favor of Ralph Stracke and Marjorie Stracke on their claim against the Stockers for intentional infliction of emotional distress. See Fed. R. Civ. P. 59(e). Because we conclude that the district court[2] did not err in making these rulings, we affirm.

The Stockers claim that the district judge erred when he refused to recuse himself from the case. Section 144 provides that "[w]henever a party . . . files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further." Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "We note that decisions on recusal or disqualification motions are committed to the district court's sound discretion." United States v. Johnson, 47 F.3d 272, 276 (8th Cir. 1995) (quotation and citation omitted).

The Stockers have not established "the existence of a significant . . . 'extrajudicial source' factor," which would have required the district judge to recuse himself. Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis omitted). The Stockers assert that many of the judge's rulings indicate a bias or partiality warranting recusal. However, "[a]lmost invariably, [judicial rulings] are proper grounds for

---

[1]Jennifer Stocker was also an appellant in this case, but on April 4, 1997, this court granted Jennifer Stocker's voluntary motion to dismiss her appeal.

[2]The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri.

appeal, not for recusal." Id. The district judge remarked at a pretrial conference that he was skeptical of recovered memory cases, but "judicial remarks during the course of a trial that are critical or disapproving of . . . the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id. After a careful review of the district judge's conduct, we conclude that he was quite capable of making a fair judgment, see id., and that a reasonable person "would not question the judge's impartiality in this case," Bannister v. Delo, 100 F.3d 610, 614 (8th Cir. 1996), cert. denied, 117 S. Ct. 2526 (1997).

The Stockers also challenge the district judge's refusal to alter or amend the jury verdict in favor of Ralph Stracke and Marjorie Stracke on their claim against the Stockers for intentional infliction of emotional distress. See Fed. R. Civ. P. 59(e). The Stockers argue that the district court should have granted their motion because the Strackes did not present medical evidence to support their claims of emotional distress. We will not address this issue, however, because it has not been properly preserved for review. The Stockers did not file a motion for judgment as a matter of law on this issue pursuant to Fed. R. Civ. P. 50; therefore, they were not permitted to raise it in their Rule 59 motion. See Kientzy v. McDonnell Douglas Corp., 990 F.2d 1051, 1061 (8th Cir. 1993); Rockport Pharmacy, Inc. v. Digital Simplistics, Inc., 53 F.3d 195, 197 (8th Cir. 1995).

We now turn to another matter which concerns the court. Both of the issues raised by the Stockers' attorney are without merit. Moreover, the appellants' brief is fraught with inflammatory and inappropriate language.[3] We therefore direct the

---

[3]For example, the brief states:

> The conduct of Judge Whipple throughout this case has been so grotesquely one-sided, unfair and unlawful that it can fairly be said that the prestige and integrity of the U.S. District Court was reduced in this case to that of a racket, with Judge Whipple sitting as the racket-boss.

Stockers' attorney to show cause within twenty days why we should not sanction him "for conduct unbecoming a member of the bar."  Fed. R. App. P. 46(c).


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

Indeed, Judge Whipple's continuing and unabated unlawful conduct in this case justifies his formal investigation and prosecution under Federal R.I.C.O. Statutes, and impeachment for his willful and ongoing violation of 28 U.S.C. § 144 in this case.

Appellants' Br. at 26.