# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1756
_____

Douglas Milhauser

*Plaintiff - Appellant*

v.

Minco Products, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: October 17, 2012
Filed: December 5, 2012
_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.
_____

MURPHY, Circuit Judge.

After Douglas Milhauser's employment was terminated by Minco Products, Inc. (Minco) as part of a reduction in force, he brought this action under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301 et seq., a statute requiring that returning veterans be reemployed in an appropriate position. The case was tried to a jury which found for Minco. Milhauser then moved for judgment as a matter of law, arguing that there was not a legally sufficient basis

for the verdict because termination is not a valid reemployment position under the statute. The district court[1] denied his motion and granted judgment to Minco, and Milhauser appeals. We affirm.

I.

Milhauser started work as a maintenance technician at Minco in 2006. Between 2007 and 2009 he took three military leaves of absence, the last one beginning in March 2009. His last deployment concluded prematurely after he was hospitalized by a severe reaction to a vaccine, ending his military service. Milhauser was cleared to return to civilian employment in May and reported to Minco on June 3, 2009. We review the evidence received at trial in the light most favorable to the verdict. Fair Isaac Corp. v. Experian Information Solutions, Inc., 650 F.3d 1139, 1148 (8th Cir. 2011).

During his time working for Minco, Milhauser's performance was considered to be inconsistent and sometimes poor. Other employees expressed concern about his attitude and the quality of his work, and he received one written reprimand from his supervisors. Upon return from his first deployment, some of Milhauser's duties were handed off to other maintenance technicians and replaced with menial tasks.

In 2008 Minco began experiencing a decline in customer orders. At the end of the year the company posted its first ever annual loss, and customer orders continued to decline in 2009. As a result Minco began a series of actions to cut costs, including delaying new equipment purchases, reducing overtime, and making pay cuts. Despite these measures, in March of 2009 Minco decided it had to reduce its

---

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

workforce. That month it eliminated 18 jobs, which proved to be insufficient so it planned to cut 32 more in June.

As part of this second round of cuts, Milhauser's supervisor was asked to name four employees of the thirteen he supervised to be considered for termination. Nominations were based on job duties, technical expertise, and subjective factors such as attitude and work ethic. Seniority was not an important factor. In contrast to some of his fellow employees who possessed unique skill sets, Milhauser's supervisor believed that his areas of specialization duplicated those of other employees and thus could more easily be absorbed by the remaining maintenance technicians. Milhauser was one of the names recommended for termination, and he was dismissed as part of Minco's second round of job cuts when he reported for work on June 3.

Milhauser brought this action against Minco, originally consisting of two claims: discrimination on the basis of military service, 38 U.S.C. § 4311, and failure to provide reemployment as required by USERRA. 38 U.S.C. § 4312. His appeal concerns only the second claim. USERRA guarantees that returning servicemembers be reemployed in the position they would have occupied had their employment not been interrupted by their military commitment. 38 U.S.C. § 4313(a). In response to Milhauser's complaint, Minco asserted that changed circumstances had made reemploying him impossible or unreasonable, an affirmative defense under the statute. 38 U.S.C. § 4312(d)(1)(A). Minco argued in the alternative that it had not failed to place Milhauser in the proper reemployment position because he would have been terminated even if he had not left for service.

Under USERRA employees returning from military leave shall be reemployed in the "position of employment in which they would have been employed" had their continuous employment not been interrupted by military service. 38 U.S.C.

§ 4313(a)(1)(A). That position of employment is known as the escalator position.[2] It should place the returning employee in the position he or she would have occupied "with reasonable certainty" had employment not been interrupted by military service. 20 C.F.R. § 1002.191. According to Minco, Milhauser's position of employment would have been termination in light of the workforce cuts it had been in the process of making at the time.

At trial Minco presented evidence that Milhauser had been a poor employee and that difficult economic conditions had prompted its reductions in force. The company felt it necessary to cut 32 jobs which included 4 in Milhauser's department. After considering the productivity of all the workers, Milhauser's supervisor recommended that he be among those terminated.

After trial but before the case was sent to the jury, Milhauser moved for judgment as a matter of law on his reemployment claim. He argued that Minco's economic difficulties and subsequent reductions in force were legally insufficient to find that employing him would have been impossible or unreasonable and that he was absolutely entitled to reemployment if the company had no affirmative defense. The court denied Milhauser's motion.

Following the trial the jury was instructed on the meaning of the escalator principle:

> USERRA requires reemployment in the position that [Milhauser] would, with reasonable certainty, have been in had his employment not been

---

[2]This term of art imagines the employee on a particular step of an escalator which may move up or down during a military leave. The returning employee does not revert to the same position held upon leaving, but rather is placed in whatever position his or her "step" had moved to during the leave. See Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 284-85 (1946).

interrupted by military service. This is called the escalator position. The principle is that the employee should be in the same position he would have been in had he not taken military leave, no better and no worse.

> Depending on what happened during the employee's absence, the escalator position might be a promotion, demotion, transfer, layoff or termination.

During its deliberations, the jury asked for clarification on whether layoff or termination was a valid "position of employment" under the escalator principle. Milhauser urged the court to instruct the jury that layoff and termination were not possible reemployment positions. He argued that termination was only permissible under USERRA after a finding that reemployment was impossible or unreasonable, not through application of the escalator principle. Minco argued that in Milhauser's case, layoff and termination were valid reemployment positions because his position would have been eliminated in its reduction in force regardless of his military service. In answer to the jury's request for clarification, the court directed it to its earlier instruction on the escalator principle.

The jury then returned a verdict for Minco on both claims. On Milhauser's discrimination claim it found that Milhauser's military status had not been a factor in his termination. On Milhauser's reemployment claim the jury found that although Minco had failed to prove its affirmative defense that it would have been impossible or unreasonable to rehire him, Milhauser had not proven that the company had failed to reemploy him in an appropriate position. After the verdict Milhauser renewed his motion for judgment as a matter of law. He argued that under the statute termination was not a possible reemployment position. Alternatively, he raised a new argument that termination was only possible if it were done automatically through the operation of a seniority system. The court denied Milhauser's motion and entered judgment for Minco.

Milhauser appeals the denial of his motion for judgment as a matter of law on Milco's failure to reemploy him, based on his argument that termination is not a valid "position of employment" under USERRA or, alternatively, that termination is only permissible when it would have occurred automatically without employer discretion. His appeal does not focus on the adverse jury verdict on his discrimination claim.

II.

We review the district court's denial of a motion for judgment as a matter of law de novo. Two Rivers Bank & Trust v. Atanasova, 686 F.3d 554, 564 (8th Cir. 2012). A post verdict motion for judgment as a matter of law "may not advance additional grounds that were not raised in the pre-verdict motion." Rockport Pharmacy v. Digital Simplistics, 53 F.3d 195, 197 (8th Cir. 1995).

USERRA generally provides that a returning servicemember shall be reemployed "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service." 38 U.S.C. § 4313(a)(1)(A). As already pointed out, this provision is termed the escalator principle. Under USERRA an employee has the right to return to the position he would have occupied had he kept his position continuously, not necessarily to the same position he or she held on departure. See Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 284-85 (1948). Following the Court's decision in Fishgold, the Department of Labor codified the escalator principle in 2005. The regulation requires that "the employee be reemployed in a position that reflects with reasonable certainty the pay, benefits, seniority, and other job perquisites, that he or she would have attained if not for the period of [military] service." 20 C.F.R. § 1002.191.

Milhauser asserts that termination cannot be a "position of employment" under USERRA. He contends that USERRA's affirmative defense of allowing termination

of an employee if it would be "impossible or unreasonable" to reemploy him or her is the exclusive means under the statute for complete termination of a returning servicemember. 38 U.S.C. § 4313(a)(1)(A). The jury explicitly rejected this affirmative defense, and Milhauser continues to contend that as a matter of law the jury could not find that termination was his appropriate employment position.

The jury's finding that Milhauser's position of employment would have been termination had he not left for military service is entirely consistent with USERRA's text and its implementing regulations. The escalator principle requires that an employee's career trajectory be examined as if his or her employment "had not been interrupted by" military service. The Secretary of Labor's regulations on USERRA confirm that the escalator principle may properly be applied to result in an employee's termination. 20 C.F.R. § 1002.194. The regulations state that "[d]epending on the circumstances, the escalator principle may cause an employee to be reemployed in a higher or lower position, laid off, or even terminated." Id. We accord considerable deference to the Secretary's interpretation, since she is tasked with "implementing the provisions" of USERRA. 38 U.S.C. § 4331(a); see generally United States v. Mead Corp., 533 U.S. 218 (2001). Other courts have upheld termination as the "position of employment" that the employee would have had if his employment not been interrupted by military service. See, e.g., Derepkowski v. Smith-Lee Co., 371 F. Supp. 1071 (E.D. Wis. 1974).

Milhauser also contends that even if USERRA permits termination to be a valid reemployment position, it only does so if the employee would have been terminated automatically. Because Milhauser's termination was a discretionary decision by his employer, he suggests it would not be a permissible reemployment position under USERRA. This argument was not made in Milhauser's preverdict motion for judgment as a matter of law, and a party may not advance postverdict grounds for judgment as a matter of law when it should have raised the issues earlier in the trial. Rockport Pharmacy, 53 F.3d at 197. This timing requirement is necessary to allow

an opposing party the opportunity to cure any defects in proof that would otherwise prevent the case from going to a jury. Conseco Fin. Servicing Corp. v. N. Am. Mortg. Co., 381 F.3d 811, 821 (8th Cir. 2004). Since this issue was not properly preserved, we do not address it.

For all these reasons, we affirm the judgment of the district court.

SHEPHERD, Circuit Judge, concurring.

I concur with the majority that the district court's judgment should be affirmed. However, I write separately because I would affirm without reaching the issue of whether termination can be a position of reemployment under USERRA. The district court instructed the jury:

> USERRA requires re-employment in the position that [Milhauser] would, with reasonable certainty, have been in had his employment not been interrupted by military service. This is called the escalator position . . . . Depending on what happened during the employee's absence, the escalator position might be a promotion, demotion, transfer, layoff or termination. It is up to you to determine what position Mr. Milhauser would have been in had he not taken military leave.

Trial Tr. vol. 4, 40, Sept. 15, 2011.

At trial, Milhauser did not object to this portion of the instructions before the jury began deliberating, despite opportunity to do so.[3] Under such circumstances, our

---

[3]During the second day of deliberations, the jury sent a question to the district court asking it to "please clarify USERRA reemployment in the escalator position . . . . Is a layoff a possible reemployment position?" Appellant's Add. 41. At this point, Milhauser asked the court to answer "no," arguing that layoff is only appropriate when it results from an employee's restoration on a seniority ladder and that there was "no evidence to support that there was an application of seniority in

review would be for plain error.  <u>See</u> Fed. R. Civ. P. 51(d)(2).  However, during oral argument before this Court, we asked Milhauser several times whether he was arguing the jury instructions were erroneous.  Each time, Milhauser stated he was not challenging the jury instructions.  "We have an adversarial system of justice, not an inquisitorial one," and we will not decide an issue sua sponte when a party did not timely object at trial, did not raise the issue on appeal, and did not adopt the argument when asked about it during oral argument.  <u>See</u> <u>Swipies v. Kofka</u>, 419 F.3d 709, 717 (8th Cir. 2005).

The jury instructions clearly permitted the jury to find that termination was an appropriate position of reemployment, and the evidence presented at trial was sufficient to sustain the jury's verdict under these instructions.  Thus, I would affirm the district court's judgment without reaching the issue of whether termination can be a position of reemployment under USERRA.

——————————————————————

any way, shape, or form."  Trial Tr. vol. 5, 4, Sept. 16, 2011.  This objection, however, was not timely.  <u>See</u> Fed. R. Civ. P. 51(c)(2)(A).