# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2941

———————————————

Samuel Scudder

*Plaintiff - Appellant*

v.

Dolgencorp, LLC, doing business as Dollar General Store

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: April 10, 2018
Filed: August 17, 2018

——————————

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

——————————

SHEPHERD, Circuit Judge.

After returning from military service in Afghanistan, Samuel Scudder brought suit against Dolgencorp, LLC, doing business as Dollar General Stores ("Dollar General"), alleging the company denied him reemployment as required under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4335. Scudder appeals the district court's order granting summary judgment to Dollar General. We reverse.

# I. Background

In June 2013, Scudder, a sergeant in the Arkansas National Guard, was hired and later promoted to store manager at Dollar General's Benton Parkway store in Benton, Arkansas ("Benton store"). When Scudder was deployed to Afghanistan in April 2014, he coordinated his military leave through Dollar General's third-party leave coordinator: Matrix Absence Management ("Matrix"). Scudder was wounded in action in Afghanistan and assigned to a unit at Fort Leonard Wood, Missouri from December 2014 to February 2016 for medical transition out of the military. While there, Scudder provided notice to Matrix of his continuing military leave and was approved for leave through April 1, 2016.

On March 31, 2016, Scudder spoke with Matrix claims examiner Jessica Morentin. Scudder testified: "So I explained my deal to her again and said, in a sense, they won't return my calls for me to be able to find out if I need to return to work, to find out if I need to put in my two weeks because I can't return to work." Morentin understood Scudder to be resigning and emailed notice of his resignation to Dollar General on April 4, 2016. Dollar General requested confirmation, and Morentin confirmed Scudder "would not be going back to Dollar General." Concluding Scudder had resigned, Dollar General processed the separation of his employment, effective April 5, 2016, and sent him an exit survey. Scudder responded to that email, saying "I'm emailing you to see if maybe you car[e] [because] apparently the rest of the company does not. I'm a store manager for you in region 59[.] [W]ell I guess getting this[,] I use[d] to be." He went on to say that he was called to active duty in support of Operation Enduring Freedom in Afghanistan, was injured while overseas, and had been able to reach only one person at Dollar General while also trying to contact the human resources department and the current district manager. He concluded, "I really enjoyed working for [D]ollar [G]eneral and would've loved to continue to work for [D]ollar [G]eneral." Scudder received no response.

On April 24, 2016, Scudder applied online for a store manager position at a Dollar General store in Bryant, Arkansas ("Bryant store"). In his application, he indicated that he previously worked for Dollar General but was "let go . . . after returning from Afghanistan injured and no one from the corporation would ever contact [him] back." He stated he was formerly a store manager at Dollar General's Benton store and listed the National Guard as one of his previous employers. Dollar General did not hire Scudder for the position.

While Scudder was on military leave in December 2015, he applied for Social Security Disability ("SSD") benefits with the Social Security Administration ("SSA"). The SSA determined he was not eligible for benefits. In May 2016, Scudder requested the SSA reconsider his application, which was again denied. Nevertheless, Scudder persisted, and, in December 2016, a SSA law judge ("ALJ") approved his application for benefits, finding Scudder had become totally disabled on December 10, 2014. Scudder was awarded SSD benefits, which he continues to receive.

In May 2016, Scudder filed suit against Dollar General, asserting his right to reemployment under USERRA. The district court granted summary judgment to Dollar General, finding Scudder did not apply for reemployment as required by USERRA because he never communicated a request for reemployment to either Matrix or Dollar General. Although Scudder applied for the store manager position at the Bryant store, the district court found the application was not a demand for reemployment in his prior position and Dollar General reasonably expected Scudder to seek reemployment through Matrix. In addition, the district court found Scudder waived his right to reemployment when he resigned. Scudder appeals.

## II. Discussion

Scudder contends he did not waive his right to reemployment under USERRA because he never resigned from Dollar General. He further argues that his application

for the store manager position at the Bryant store constituted an application for reemployment as defined by USERRA. Thus, he claims, the district court erred in granting Dollar General summary judgment on his USERRA claim.

"We review de novo the district court's grant of summary judgment, viewing all evidence and drawing all reasonable inferences in favor of [Scudder]." Odom v. Kaizer, 864 F.3d 920, 921 (8th Cir. 2017) (internal quotation marks omitted). "Summary judgment is proper when there is no genuine dispute of material fact and the prevailing party is entitled to judgment as a matter of law." Id. (internal quotation marks omitted).

"USERRA protects returning veterans and other uniformed service members when transitioning to civilian life, requiring reemployment in either the same position 'or a position of like seniority, status and pay, the duties of which the person is qualified to perform.'" Lisdahl v. Mayo Found., 633 F.3d 712, 717 (8th Cir. 2011) (quoting 38 U.S.C. § 4313(a)(2)(A)). Under USERRA, the returning service member must give advance notice of his service and, upon completion of that service, "submit[] an application for reemployment" within an allotted time frame. 38 U.S.C. § 4312(e)(1)(D). The service member "bears the burden of proving that he has satisfied the statutory requirements and is entitled to receive reemployment rights." Shadle v. Superwood Corp., 858 F.2d 437, 439 (8th Cir. 1988). "Because USERRA was enacted to protect the rights of military service members and veterans[,] it is construed broadly and in favor of its military beneficiaries." Clegg v. Ark. Dep't of Corr., 496 F.3d 922, 931 (8th Cir. 2007) (internal quotation marks omitted).

We first consider whether Scudder waived his right to reemployment under USERRA by resigning from Dollar General. A service member waives his right to reemployment by "clearly and unequivocally" resigning. Paisley v. City of Minneapolis, 79 F.3d 722, 724 (8th Cir. 1996) (internal quotation marks omitted) (finding clear and unequivocal resignation where service member wrote a letter to

employer stating, "I hereby tender my resignation . . ."). During Scudder's phone conversation with Morentin, he told her he wanted to speak with someone at Dollar General to "find out if [he] need[ed] to put in [his] two weeks [notice] because [he couldn't] return to work" on April 2, 2016, the date his approved leave ended. Morentin understood this conversation to be Scudder's resignation and reported it as such to Dollar General. On appeal, Dollar General argues that Scudder clearly and unequivocally resigned. But, Scudder adamantly denies resigning, claiming he was simply trying to find out what he needed to do to maintain his job even though he would not be able to return to work on April 2. His claim is plausible given that he asked Morentin "if" he needed to put in his two weeks notice. A reasonable factfinder could thus conclude that Scudder did not "clearly and unequivocally" resign. Id. (internal quotation marks omitted); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (holding a genuine dispute of material fact exists when "the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party"). Because there is a genuine dispute of material fact as to Scudder's resignation, we find summary judgment is not appropriate on the basis of waiver.

We next consider whether Scudder's application for the store manager position at Dollar General's Bryant store constituted an "application for reemployment" under USERRA. 38 U.S.C. § 4312(a)(3). USERRA does not mandate the application be in a particular form, or even in writing, but it "should indicate that the employee is a former employee returning from service in the uniformed services and that he or she seeks reemployment with the pre-service employer." 20 C.F.R. § 1002.118. In determining whether an application is sufficient, "the critical inquiry always must be whether, considering all the circumstances, a reasonable employer would be put on notice that the applicant is a returning veteran who seeks reemployment." Shadle, 858 F.2d at 440. "What constitutes adequate notice . . . will vary from case to case, depending on the size of the firm, the number of employees, the length of time the returning veteran has been away, and a myriad of other factors." Id. "No bright-line

-5-

test has been fashioned to resolve this issue." Id. at 439. "Rather, [it requires] a case-by-case determination focusing on the intent and reasonable expectations of both the former employee and employer, in light of all the circumstances." Id.

Viewing the evidence in the light most favorable to Scudder, we conclude that a reasonable jury could find that Scudder's application for the store manager position at the Bryant store was sufficient to give a reasonable employer adequate notice that Scudder was a returning service member seeking reemployment. See id. Both parties agree Scudder did not have to apply to the same position in which he was previously employed, but need only apply to "*a position of employment*" with Dollar General. 38 U.S.C. § 4312(e)(1) (emphasis added). In his application submitted through Dollar General's online portal, Scudder indicated he was a former store manager at Dollar General's Benton store, but was "let go from Dollar General after returning from Afghanistan injured and no one from the corporation would ever contact [him] back." Dollar General claims that "returning from Afghanistan injured" does not indicate uniformed service, but we find this argument is insufficient to support summary judgment, particularly considering Scudder listed the National Guard as a previous employer on his application. Moreover, as Scudder's previous employer, Dollar General had access to his employment records and could confirm the dates of his prior employment and military leave. Because Scudder applied directly to Dollar General—indicating on his application that he was previously employed by Dollar General and was seeking a position with Dollar General following his return from military service—we conclude he did just enough to create a submissible case on whether he submitted an application for reemployment under USERRA. Cf. Shadle, 858 F.2d at 440 (finding that asking for a job application and to speak to managers was "hardly enough to put a reasonable employer on notice").

Dollar General alleges Scudder should have sought reemployment through Matrix. Scudder knew Matrix was Dollar General's leave coordinator and had coordinated his military leave through Matrix for years. However, USERRA requires

only that the returning service member "submit[] an application for reemployment to[] [his pre-service] employer." 38 U.S.C. § 4312(a)(3). It does not require application through a particular channel. See id.; see also 20 C.F.R. § 1002.119 ("The application must be submitted to the pre-service employer or to an agent or representative of the employer who has apparent responsibility for receiving employment applications."). Scudder submitted his application directly to Dollar General, his "pre-service employer," through its online portal for employment applications. 20 C.F.R. § 1002.119. Although Dollar General may have preferred Scudder to seek reemployment through Matrix, he was under no obligation to do so. We therefore conclude that Dollar General is not entitled to judgment as a matter of law on Scudder's USERRA claim.

Finally, we turn to Dollar General's assertion that Scudder's USERRA claim is barred by judicial estoppel.[1] In order to receive SSD benefits, Scudder told the SSA he was unable to work in any capacity since December 10, 2014, but here Scudder claims a right to work at Dollar General. He cannot have it both ways, Dollar General argues.

The doctrine of judicial estoppel prevents a party who "assumes a certain position in a legal proceeding, and succeeds in maintaining that position," from later "assum[ing] a contrary position." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (internal quotation marks omitted). That is because, "'absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'"

---

[1]Scudder asserts that we cannot affirm the district court's judgment based on judicial estoppel, arguing—somewhat confusingly—that the standard of review for judicial estoppel bars us from reaching this issue. Scudder misunderstands the review process. Nationwide Prop. & Cas. Ins. Co. v. Faircloth, 845 F.3d 378, 383 (8th Cir. 2016) ("[W]e may affirm [the district court's grant of summary] judgment on any basis supported by the record." (internal quotation marks omitted)).

Id. (quoting 18 Charles Alan Wright, Arthur Edward Miller, & Edward H. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981)). In determining whether judicial estoppel applies, we consider the following factors: (1) whether "a party's later position [is] clearly inconsistent with its earlier position," (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled," and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 750-51 (internal quotation marks omitted).

When applying for SSD benefits in December 2015, Scudder told the SSA he "became unable to work because of [a] disabling condition on December 10, 2014" and was still disabled. The SSA denied his application, and Scudder requested reconsideration in May 2016, again asserting he was "unable to work because of [a] medical condition." This too was denied. In August 2016—two months after he filed his USERRA claim—Scudder again told an ALJ he was "unable to work because of [his] medical condition." The ALJ found Scudder had been disabled and unable to work since December 10, 2014 and awarded Scudder SSD benefits, which he continues to receive.

At first glance, Scudder's statements to the SSA might appear to be "clearly inconsistent" with his position in the present litigation. Scudder simultaneously told the SSA he was unable to work while asserting his right to be rehired by Dollar General. However, successful application for SSD benefits is not necessarily inconsistent with a later claim asserting a right to employment. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 797 (1999) (holding "pursuit, and receipt, of SSD benefits does not automatically estop the recipient from pursuing an [American with Disabilities Act] claim"). That is because the Social Security Act does not take into account "reasonable accommodation" in determining whether an individual is

disabled. Id. at 803.[2]  Thus, an individual could be "disabled" under the Social Security Act, but still able to work with reasonable accommodation. Id.  Under USERRA, an employer must make "reasonable efforts . . . to qualify" a returning service member for employment, which includes making "reasonable efforts . . . to accommodate . . . a disability incurred in, or aggravated during, such service."  38 U.S.C. § 4313(a).  Accordingly, a service member who is considered "disabled" under the Social Security Act could still be qualified for work and therefore entitled to reemployment under USERRA.  Cf. Cleveland, 526 U.S. at 803.

Scudder claims he is able to work for Dollar General with reasonable accommodation.  And, under USERRA, the burden rests on Dollar General to make "reasonable efforts . . . to qualify" Scudder for his prior position or "a position of like seniority, status, and pay."  38 U.S.C. § 4313(a)(2)(B); see Petty v. Nashville-Davidson Cnty., 538 F.3d 431, 444 (6th Cir. 2008) ("An employer who refuses to reemploy a discharged veteran who has timely applied for reemployment has the burden of proving the veteran's disqualification for reemployment." (internal quotation marks omitted)).  Dollar General has not done so.  See 20 C.F.R. § 1002.198(b) ("Only after the employer makes reasonable efforts . . . may it determine that the employee is not qualified for the reemployment position.").  We therefore find judicial estoppel does not bar Scudder's USERRA claim.

## III. Conclusion

Accordingly, we reverse the grant of summary judgment and remand for further proceedings.

_____

_____

[2]The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any . . . physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).