# United States Court of Appeals
### For the Eighth Circuit

_____

Nos. 19-3489/20-1605
_____

Rodolfo A. Quiles

*Plaintiff - Appellee*

v.

Union Pacific Railroad Company, Incorporated

*Defendant - Appellant*

Rodney N. Doerr; Edward Adelman; Tracy Scott; Kathleen Hughes, individually

*Defendant*s
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: December 10, 2020
Filed: July 6, 2021
_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Union Pacific Railroad Company, Inc. ("Union Pacific") appeals the district court's orders involving Rodolfo Quiles's and Union Pacific's motions for judgment

as a matter of law and Quiles's motion for attorney fees in this suit under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). We reverse.

## I. Background

In February 2014, Union Pacific hired Quiles to serve as general manager of safety analysis ("General Manager"). Union Pacific paid Quiles as a "D-band" employee, which, on a scale of A (lowest pay) through E (highest pay), was just below Union Pacific's "E-band" executive-compensation level. As General Manager, Quiles reported directly to Union Pacific's Assistant Vice President of Safety, Rodney Doerr, an executive. At the same time, Quiles served in the United States Marine Corps Reserve. Quiles left his job at Union Pacific for voluntary deployment with the Marine Corps in May 2015.

During his deployment, Union Pacific underwent a "reduction in force," which impacted its safety department. Union Pacific's reorganization eliminated all general manager titles and reclassified many general managers as directors. Union Pacific chose Greg Workman to lead the safety department. Workman had a prior working relationship with Edward Adelman, and Workman hired Adelman to join Union Pacific's safety department. Adelman was hired to serve as the general director of safety analysis ("General Director"), and Adelman reported to Doerr, who remained an "E-band" employee. Quiles believed Adelman was hired to be his replacement.

Upon Quiles's return from deployment, he went back to work at Union Pacific in October 2015. Quiles's new assignment was a director of safety analysis role ("Director"). His compensation remained at the "D-band" level. He retained the same job benefits, worked on the same projects, and retained managerial duties over a direct report employee.

Quiles, however, viewed his new role as a demotion. He claimed that his Director position had "less responsibility, visibility, opportunity and status" than did his previous General Manager position. During its reorganization, Union Pacific adjusted the job requirements of the General Director position to require five years of field experience to qualify for the position. Quiles lacked five years of field experience.

As Director, Quiles no longer reported to an "E-band" employee. Instead, he reported to Adelman, a fellow "D-band" employee. Prior to his deployment, Quiles was peers with other "D-band" employees, but, upon his return, he was peers with "C-band" employees. Quiles previously had supervisory authority over certain employees who, upon his return, became his peers.

Quiles attempted to resolve the dispute regarding his new job title through several meetings with Doerr and Union Pacific's human resources department, but Quiles's job title did not change. Quiles became insubordinate, and Union Pacific terminated him in March of 2016.

Quiles sued Union Pacific alleging the company violated USERRA, which, generally, requires employers to reemploy military service members upon return from deployment. 38 U.S.C. § 4301. Quiles initially alleged six claims for relief, but later voluntarily dismissed two of them. The remaining four claims were set for jury trial.

Before submitting the case to the jury, both Union Pacific and Quiles moved for judgment as a matter of law. The district court granted Quiles's motion for judgment as a matter of law on his failure to reemploy claim and denied Union Pacific's motion. The district court submitted the remaining claims to a jury. The jury returned a verdict in favor of Union Pacific on the three outstanding claims and awarded Quiles no damages.

Quiles filed a motion for attorney fees, and the district court granted the motion in part. Union Pacific appealed both the district court's unfavorable judgment as a matter of law decisions and the attorney fees order.

## II. Discussion

### A. Union Pacific's Motion to Dismiss for Lack of Subject Matter Jurisdiction

We first consider our jurisdiction to hear this appeal. After briefing closed, Union Pacific filed a motion requesting to dismiss the appeal for lack of subject matter jurisdiction. Union Pacific argues that the district court's conclusion that Quiles was not entitled to damages or equitable relief requires the further conclusion that Quiles cannot prove the injury in fact or redressability required to establish standing. We review challenges to subject matter jurisdiction de novo. *Gilbert v. Monsanto Co.*, 216 F.3d 695, 699 (8th Cir. 2000).

Establishing subject matter jurisdiction requires a party to show it has standing to sue. *Young Am. Corp. v. Affiliated Computer Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002)). In order to establish standing, a party must demonstrate (1) an injury in fact, (2) that is caused by the challenged conduct, and (3) that is likely to be redressed by a favorable judicial decision. *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996). An injury in fact is the invasion of a legally protected interest which is (1) concrete and particularized and (2) actual or imminent. *See id.* at 1301; *Oti Kaga, Inc. v. S. Dakota Hous. Dev. Auth.*, 342 F.3d 871, 878 (8th Cir. 2003). Causation requires a "causal connection between the alleged injury and the conduct being challenged." *Mausolf*, 85 F.3d at 1301. Finally, the party must show the injury can be redressed or cured by a favorable decision issued by a court. *Id.*; *Liddell v. Special Admin. Bd. of Transitional Sch. Dist. of City of St. Louis*, 894 F.3d 959, 966 (8th Cir. 2018).

We reject Union Pacific's subject matter jurisdiction challenge. USERRA provides for monetary damages and equitable relief for statutory violations. 38

U.S.C. § 4323. Quiles sufficiently established an injury in fact by the violation of USERRA's reemployment requirements, and the district court was able to provide a remedy under the statute. While Quiles did not ultimately succeed, Quiles could have recovered on his claims at all relevant times during this litigation. Quiles's lack of success on the merits of his claims does not impact his standing or our subject matter jurisdiction to decide this case on appeal. It is not appropriate for Union Pacific to work backward in seeking to disrupt subject matter jurisdiction based on the district court's post-trial order on the merits of this case. We conclude the lack of damages or equitable relief at the district court level did not strip this court of subject matter jurisdiction. We therefore deny Union Pacific's motion.

## B. USERRA

USERRA establishes the rules for the reemployment of members of the military upon their return from service. *Scudder v. Dolgencorp*, 900 F.3d 1000, 1004 (8th Cir. 2018). Section 4312 of USERRA provides that a military service member is entitled to reemployment if (1) the service member provides his employer with advanced written or verbal notice of military service orders, (2) the "cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years," and (3) the service member submits an application for reemployment following his period of military service. 38 U.S.C. § 4312(a); *Scudder*, 900 F.3d at 1004. The service member "bears the burden of proving that he has satisfied the statutory requirements and is entitled to receive reemployment rights." *Scudder*, 900 F.3d at 1004. Once the service member has met this initial burden, the burden shifts to the employer to prove the service member's disqualification for reemployment. *Id.* at 1007.

Here, Quiles was absent from his employment at Union Pacific for a period of more than ninety days. Under that circumstance, a service member is entitled to return to a job based on the "escalator position" principle, which returns the service member to a position of employment:

-5-

[(1)] "in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform; or

[(2)] "in which the person was employed on the date of the commencement of the service in the uniformed services, or a position of like seniority, status and pay, the duties of which the person is qualified to perform, only if the person is not qualified to perform the duties of a position [through continuous employment] after reasonable efforts by the employer to qualify the person.

38 U.S.C. § 4313(a)(2); *accord* 20 C.F.R. § 1002.191 ("As a general rule, the employee is entitled to reemployment in the job position that he or she would have attained with reasonable certainty if not for the absence due to uniformed service."); *Milhauser v. Minco Prods., Inc.*, 701 F.3d 268, 271 (8th Cir. 2012).

Under the escalator position principle, an employer must reemploy a returning employee in a position reflecting, with reasonable certainty, the pay, benefits, seniority, and other job prerequisites the service member would have attained if not for the period of service. *20 C.F.R. § 1002.191; accord Milhauser*, 701 F.3d at 272. It requires an employer to examine an employee's career trajectory "as if his or her employment 'had not been interrupted by' military service[,]" and that principle may be properly applied to result in an employee's termination. *Milhauser*, 701 F.3d at 273.

However, an employer is not required to reemploy a service member if (1) "the employer's circumstances have so changed as to make such reemployment impossible or unreasonable"; (2) "such employment would impose an undue hardship on the employer"; or (3) the service member's previous employment was "for a brief, nonrecurrent period and there is no reasonable expectation that such employment will continue indefinitely or for a significant period." 38 U.S.C. § 4312(d)(1); *accord Milhauser*, 701 F.3d at 272–73 ("[T]he escalator principle may

cause an employee to be reemployed in a higher or lower position, laid off, or even terminated."). It is the employer's burden to prove "impossibility or unreasonableness, undue hardship, or the brief or nonrecurrent nature of the employment without a reasonable expectation of continuing indefinitely or for a significant period." 38 U.S.C. § 4312(d)(2).

If a service member is no longer qualified for his escalator position or cannot become qualified for his escalator position with reasonable efforts by the employer, then the service member is entitled to be reemployed in a job "which is the nearest approximation" to his escalator position that the service member is qualified to perform, with full seniority. 38 U.S.C. § 4313(a)(4). USERRA "is construed broadly and in favor of its military beneficiaries." *Scudder*, 900 F.3d at 1004 (internal citation omitted).

### C. Quiles's JMOL Motion

We review a district court's judgment-as-a-matter-of-law decisions de novo. *Milhauser*, 701 F.3d at 272. A district court may grant JMOL when "a party has been fully heard on an issue and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50. We "review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party, without making credibility determinations or weighing the evidence." *Duban v. Waverly Sales Co.*, 760 F.3d 832, 835 (8th Cir. 2014).

Union Pacific argues that in granting Quiles's JMOL motion, the district court (1) ignored evidence of Quiles's proper reemployment and (2) improperly construed the escalator position principle to require Quiles to return to the same position upon reemployment despite the change in circumstances. Specifically, Union Pacific argues that the district court ignored testimony from Doerr and Workman stating that Quiles was reemployed at a position equal to the job he had before his deployment. Union Pacific also argues that the district court committed an error of law in shifting

-7-

the burden of proof away from Quiles by requiring Union Pacific to show that it failed to reemploy Quiles at the appropriate level.

We conclude the district court improperly granted Quiles's motion for judgment as a matter of law. As discussed below, a reasonable jury could find Union Pacific attempted to fit Quiles into an appropriate job within the corporation's reorganized structure upon his return from deployment, thereby leading to the conclusion Union Pacific reemployed Quiles in accordance with the escalator position principle. In support of this conclusion, the jury could consider Union Pacific's reorganization and elimination of all general manager titles, Union Pacific taking steps to protect Quiles's pay grade, and the five-year field experience requirement for the General Director position.

Because a reasonable jury could have a legally sufficient evidentiary basis to decide Union Pacific abided by the USERRA requirements when reemploying Quiles, we conclude that the district court erred in granting Quiles's JMOL motion. We therefore reverse the district court's JMOL decision on Quiles's reemployment claim, and we need not decide whether the district court properly applied the escalator principle or the burden-shifting elements of its analysis as to Quiles's motion.

### D. Union Pacific's JMOL Motion

In addressing the denial of its own JMOL motion, Union Pacific raises affirmative defenses for the first time on appeal. Review of the transcript of Union Pacific's JMOL arguments shows that Union Pacific failed to make a prima facie showing for its affirmative defenses. Because Union Pacific failed to argue any affirmative defenses before the district court, we will not consider its new arguments on appeal.

Nonetheless, on the record before us, and under our *de novo* review, we conclude that the district court should have granted Union Pacific's motion for

judgment as a matter of law because no reasonable jury could find in favor of Quiles on his reemployment claim. The record does not support the conclusion that Union Pacific failed to place Quiles in the position that he would have otherwise been in had he not been deployed. It is undisputed that Union Pacific underwent a reduction in force while Quiles was deployed. It is also undisputed that during the subsequent reorganization, Quiles's previous position as general manager was eliminated. And, the new General Director position coveted by Quiles required at least five years of field experience, which Quiles admits he did not have.

The jury verdict also presents an insurmountable obstacle for Quiles. The jury returned a verdict finding that Quiles was fired for cause, which means that Quiles is not entitled to reinstatement or front pay. Further, Quiles is not entitled to back pay because he continued to be paid at the "D-band" compensation level on his return to employment.

Upon consideration of this evidence, we are convinced that the exercise of sound judicial discretion requires a contrary result. *See Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 809 n.16 (8th Cir. 1994); *see also W.J. Foye Lumber Co. v. Pa. R.R. Co.*, 10 F.2d 437, 438 (8th Cir. 1925). Therefore, we reverse the district court's ruling on Union Pacific's motion for judgment as a matter of law.

### E. Quiles's Attorney Fees

We review a district court's award of attorney fees for abuse of discretion. *See Parke v. First Reliance Std. Life Ins. Co.*, 368 F.3d 999, 1010 (8th Cir. 2004). "[A] district court abuses its discretion when there is a lack of factual support for its decision, or when it fails to follow applicable law." *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 969 (8th Cir. 2002).

Section 4323(h)(2) of USERRA gives the district court discretion to award attorney fees to a party who prevails on an action under the statute. 38 U.S.C. § 4323(h)(2). To qualify as a prevailing party, a party must secure either a judgment

-9-

on the merits or a court-ordered consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) ("[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.").

Because Quiles was not entitled to judgment as a matter of law on his reemployment claim, Quiles does not qualify as a prevailing party for the purpose of recovering attorney fees. The jury rejected all of Quiles's other claims against Union Pacific, and no damages or other relief was awarded. We therefore conclude that the district court's fee award must be vacated.

## III.  Conclusion

Quiles's motion to take judicial notice of court records is granted. We reverse the district court's grant of Quiles's motion for judgment as a matter of law and award of attorney fees. We also reverse the district court's denial of Union Pacific's motion for judgment as a matter of law and direct the district court to enter a judgment for the defendant.

_____