NOTE.—See the cafe of *Stedman v. Gooch.—Efpinaffe's* Reports of Cafes at Nifi Prius, 3.

---

# WESTMORELAND COUNTY.

## September Term, 1792.

### PENNSYLVANIA *v.* SAMUEL WADDLE.

*WADDLE* was indicted for a forcible entry and detainer, on 2d *June*, 1790, of a meffuage, &c. in *Derry* townfhip, in poffeffion of *Andrew Johnfon.*

*Rofs*, for the profecutor, called a witnefs, to prove that the defendant was within the lines of the profecutor's claim.

*Woods* and *Young*, for the defendant, objected to this teftimony, till proof fhould be made, that the profecutor had been in actual poffeffion of the premifes.

PRESIDENT. It is said, that if a man be in poffeffion ever fo long by virtue of a defeafible title, and continue, after a claim by him, who has the right of entry, it is a new entry; and if, after that, he hold by force, it is a forcible detainer. I fhould be difpofed to conftrue a defeafible title to mean a tenancy at will, or fuch, as, by the mere entry of the owner, may be defeated. It is alfo faid, that the three years poffeffion muft be of a lawful eftate; yet I doubt whether an entry or claim of one, not having the right of entry, would defeat the protection of three years peaceable poffeffion. And it may be faid, that, if a forcible detainer be an offence, even after a peaceable entry, it matters not, whether, at the time of the entry, there was an adverfe poffeffion, or not. But it is expreffly ftated, that it is only an *actual* poffeffion, and not a *legal* poffeffion, in the profecutor, that will warrant reftitution to him. On the whole, we think it fafeft to fay, that actual poffeffion ought to be proved in the profecutor.

There was then evidence and argument on both fides.

PRESIDENT. There are two points to be eftablifhed, to found a conviction.

1. Poffeffion of the profecutor; and

2. Force by the defendant.

1. As to poffeffion: it does not appear, that *Johnfon* had poffeffion till after *Waddle* was in poffeffion, and after the force alledged. If he had no poffeffion before the force alledged, the defendant cannot be guilty.

2. If there was no force, he cannot be guilty. Words are the flighteft fymptoms of force. If you think it was the meaning and tendency of the words, to imprefs on *Johnfon* a terror of perfonal harm, if he fhould proceed to take poffeffion; this is force. If you think their meaning was only to fignify that *Waddle* would not give up his claim, which he thought a juft one, till by a legal trial, it was declared unjuft; this is not force: and whatever might be the poffeffion, the defendant muft be acquitted. One of the witneffes underftood it in this fenfe.

The jury found the defendant guilty: ftating that they found force in the detainer only, not in the entry; and that they confidered *Johnfon* in poffeffion from the commencement of his title, which was a fale by the com-miffioners.

A new trial was moved for, and granted, on the ground, that there was not evidence of possession previous to the supposed force.

1792.

At the second trial, at *December* Sessions, 1792, the case appeared as before. It was stated to the jury, that there was no proof of possession, and, therefore, that the defendant ought to be acquitted.

The defendant was acquitted.