SHEPHERD, Circuit Judge,
concurring.
I concur with the majority that the district court’s judgment should be affirmed. However, I write separately because I would affirm without reaching the issue of whether termination can be a position of reemployment under USERRA. The district court instructed the jury:
USERRA requires re-employment in the position that [Milhauser] would, with reasonable certainty, have been in had his employment not been interrupted by military service. This is called the escalator position____ Depending on what happened during the employee’s absence, the escalator position might be a promotion, demotion, transfer, layoff or termination. It is up to you to determine what position Mr. Milhauser would have been in had he not taken military leave.
Trial Tr. vol. 4, 40, Sept. 15, 2011.
At trial, Milhauser did not object to this portion of the instructions before the jury began deliberating, despite opportunity to do so.[3] Under such circumstances, our review would be for plain error. See Fed. R.Civ.P. 51(d)(2). However, during oral argument before this Court, we asked Milhauser several times whether he was argü *274 ing the jury instructions were erroneous. Each time, Milhauser stated he was not challenging the jury instructions. “We have an adversarial system of justice, not an inquisitorial one,” and we will not decide an issue sua sponte when a party did not timely object at trial, did not raise the issue on appeal, and did not adopt the argument when asked about it during oral argument. See Swipies v. Kofka, 419 F.3d 709, 717 (8th Cir.2005).
The jury instructions clearly permitted the jury to find that termination was an appropriate position of reemployment, and the evidence presented at trial was sufficient to sustain the jury’s verdict under these instructions. Thus, I would affirm the district court’s judgment without reaching the issue of whether termination can be a position of reemployment under USERRA.

. During the second day of deliberations, the jury sent a question to the district court asking it to “please clarify USERRA reemployment in the escalator position.... Is a layoff a possible reemployment position?” Appellant’s Add. 41. At this point, Milhauser asked the court to answer “no,” arguing that layoff ís only appropriate when it results from an employee’s restoration on a seniority ladder and that there was "no evidence to support that there was an application of seniority in any way, shape, or form.” Trial Tr. vol. 5, 4, Sept. 16, 2011. This objection, however, was not timely. See Fed.R.Civ.P. 51(c)(2)(A).