STATE OF MINNESOTA
IN SUPREME COURT

FILED

April 14, 2016

OFFICE OF
APPELLATE COURTS

ADM09-8006

## ORDER PROMULGATING AMENDMENTS TO THE RULES OF CIVIL APPELLATE PROCEDURE

The Supreme Court Advisory Committee on the Rules of Civil Appellate Procedure has recommended amendments to the Rules of Civil Appellate Procedure to further clarify the procedures that govern electronic filing and electronic service in the appellate courts. The committee also provided recommendations on the procedures to govern motions that seek the recusal of appellate judges. By order filed December 29, 2015, the court invited comments on the proposed amendments. Written comments were received from the Court Administrator for the Minnesota Court of Appeals and from the Minnesota State Bar Association. The court has reviewed the written comments and the proposed amendments.

Based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      The attached amendments to the Rules of Civil Appellate Procedure are prescribed and promulgated to be effective on July 1, 2016, and shall apply to all appeals pending on, or commenced on or after, the effective date.

2.      The Advisory Committee comments are included for convenience and do not reflect court approval of the statements made therein.

Dated: April 14, 2016                    BY THE COURT

Lorie S. Gildea
Chief Justice

1

# AMENDMENTS TO THE RULES OF CIVIL APPELLATE PROCEDURE

*[Note: In the following amendments, deletions are indicated by a line drawn through the words and additions are indicated by a line drawn under the words.]*

## Rule 132.  Form of Briefs, Addenda, Supplemental Records, Motions, and Other Documents

* * *

132.04  Signature

* * *

## Rule 141.  Recusal
141.01  Recusal in Supreme Court.
141.02  Recusal in Court of Appeals.

* * *

## Rule 143.  Parties; Substitution; Attorneys; Signing of Appellate Pleadings
* * *

143.06  Signature

## Rule 105.  Discretionary Review

* * *

## 105.02  Content of Petition; Response

The petition shall be entitled as in the trial court, shall not exceed 10 typewritten pages4,000 words, exclusive of the caption, signature block, and addendum, and shall contain:
(a) a statement of facts necessary to an understanding of the questions of law or fact determined by the order of the trial court;
(b) a statement of the issues; and
(c) a statement why an immediate appeal is necessary and desirable.

A copy of the order from which the appeal is sought and any findings of fact, conclusions of law, or memorandum of law relating to it shall be included in an addendum,

1

which shall be prepared as prescribed in Rule 130.02.

Any adverse party may, within 5 days after service of the petition, serve and file with the clerk of the appellate courts a response to the petition, which shall not exceed ~~10 pages~~4,000 words, exclusive of caption, signature block, and addendum. Any reply shall be served within 3 days after service of the response and shall not exceed ~~5 pages~~2,000 words. All documents may be typewritten in the form prescribed in Rule 132.02. No additional memoranda may be filed without leave of the appellate court.

A copy of the response and any reply shall also be filed with the trial court administrator, and proof of that filing shall be filed with the clerk of the appellate courts.

The petition and any response or reply shall be accompanied by a Certificate of Document Length.

The petition and any response shall be submitted without oral argument unless otherwise ordered.

<u>Advisory Committee Comment—2016 Amendments</u>
Rule 105 is amended to re-define the length limit to 4,000 words rather than the current five pages for petitions and responses, and 2,000 words rather than 5 pages for replies. This change, coupled with the requirement that a 13-point font be used, will have a practical effect of permitting petitions that are slightly longer, but will be more easily read, both in paper format and on computer screens.

## Rule 107. Bond or Deposit for Costs

### 107.01 No Cost Bond Required

Except as required by Rule 116 of these rules with respect to a certiorari appeal from the Workers' Compensation Court of Appeals, ~~n~~No cost bond is required for any appeal, unless ordered by the trial court on motion and for good cause shown.

<u>Advisory Committee Comment—2016 Amendments</u>
Rule 107.01 is amended to cross-reference the exception to the general rule that no cost bond is required for appeals unless ordered by the trial court. By statute, review of decisions of the Workers' Compensation Court of Appeals by certiorari requires a cost bond. *See* Minn. Stat. § 176.471, subd. 3. Rule 116.03, subdivision 2, recognizes this requirement and Rule 107 is not intended to modify it.

# Rule 109.  Leave to Proceed *In Forma Pauperis*

## 109.01  Authorized Relief

A party who is unable to pay the expenses of appeal may apply for leave to proceed *in forma pauperis*, which may include waiver of the filing fee and any cost bond required under Rule 107 or Rule 116, and payment of costs for the transcript and reproducing briefs.

## 109.02 Motion for Leave to Proceed *In Forma Pauperis* in the Court of Appeals

A party who desires to proceed *in forma pauperis* in the Court of Appeals shall file in the trial court a motion for leave so to proceed, together with an affidavit showing the party's inability to pay fees and costs and a copy of the party's statement of the case as prescribed by Rule 133.03, showing the proposed issues on appeal.  Any such motion by a party initiating an appeal shall be filed on or before the date the appeal is commenced.  The trial court shall rule on the motion within 15 days after it is filed, unless the Court of Appeals grants additional time.  The party shall file a copy of the motion with the clerk of the appellate courts simultaneously with the notice of appeal or the petition that initiates the appeal.

The trial court shall grant the motion if the court finds that the party is indigent and that the appeal is not frivolous.  If the motion is denied, the trial court shall state in writing the reasons for the denial.  The party shall promptly file a copy of the trial court's order on the motion with the clerk of the appellate courts.

If the trial court grants the motion, the party may proceed *in forma pauperis* without further application to the Court of Appeals.  If a transcript is to be prepared for appeal, the party shall file the certificate as to transcript required by Rule 110.02, subdivision 2(a), within 10 days from the date of the trial court administrator's filing of the order granting leave to proceed *in forma pauperis* or within 10 days after filing the notice of appeal, whichever is later.

If the trial court denies the motion, the party shall, within 10 days from the date of the trial court administrator's filing of the order, either:

(a)  pay the filing fee, post the any required cost bond, and file a completed transcript certificate, if a transcript is required; or

(b)  serve and file a motion in the Court of Appeals for review of the trial court's order denying *in forma pauperis* status.  The record on the motion shall be limited to the record presented to the trial court.

\* \* \*

3

## 109.05   Suspension of Time Periods

The time periods for a party to pay the filing fee, post a cost bond if required under Rule 107 or Rule 116, and file a transcript certificate are suspended during the pendency of that party's timely motion to proceed *in forma pauperis*.

**Advisory Committee Comment—2016 Amendments**
Rule 109 is amended to clarify that, although the rules do not require the posting of a cost bond for most appeals, a bond may be required by the trial court upon motion, and is required by statute and Rule 116 for appeal proceedings seeking review of decisions of the Workers' Compensation Court of Appeals. In these circumstances where a bond may be required, the granting of an in forma pauperis motion would exempt the party from having to pay for the required bond.

## Rule 111.   Transmission of the Record

\* \* \*

## 111.02 Exhibits and Models

The ~~title of the case and the~~ appellate court docket number shall be endorsed upon all exhibits sent to the clerk of the appellate courts. Exhibits and models will be returned to the trial court administrator with the remittitur ~~when a new trial or further proceedings are ordered, but if the judgment of the appellate court is final and neither a new trial nor further proceedings are ordered, the clerk of the appellate courts may destroy all exhibits and models unless called for by the parties within 30 days~~ after judgment has been entered~~entry of the judgment of~~ by the appellate court.

\* \* \*

**Advisory Committee Comment—2016 Amendments**
Rule 111.02 is amended to conform it to the current practice involving transmission of exhibits to the appellate courts and the ultimate disposition of them. Under the amended rule, exhibits and models are returned to the trial court administrator at the conclusion of the appeal, without regard to whether the appeal results in a new trial or other further proceedings on remand. Rule 128 of the Minnesota General Rules of Practice defines the procedure for retrieval of exhibits by attorneys or the ultimate disposition of them.

4

# Rule 117. Petition in Supreme Court for Review of Decisions of the Court of Appeals

\* \* \*

**Subd. 3. Petition Requirements.** The petition for review shall not exceed ~~five typewritten pages~~2,000 words, exclusive of the caption, signature block, and addendum, and shall contain:

(a) a statement of the legal issues sought to be reviewed, and the disposition of those issues by the Court of Appeals;

(b) a statement of the criteria relied upon to support the petition, or other substantial and compelling reasons for review;

(c) a statement of the case, including disposition in the trial court or administrative agency and the Court of Appeals, and of those facts not addressed by the Court of Appeals relevant to the issues presented for review, with appropriate references to the record; and

(d) a brief argument in support of the petition.

The addendum, if filed, ~~shall~~may contain the decision and opinion of the Court of Appeals, and shall otherwise be prepared as prescribed by Rule 130.02.

The petition and addendum shall be filed with the clerk of the appellate courts and shall be accompanied by a Certificate of Document Length.

### Advisory Committee Comment—2016 Amendments

Rule 117 is amended primarily to re-define the length limit to 2,000 words rather than the current five pages. This change, coupled with the requirement that a 13-point font be used, will have a practical effect of permitting petitions that are slightly longer, but will be more easily read, both in paper format and on computer screens.

The addendum for Rule 117 petitions need not include the decision of the court of appeals, as every such decision is readily available in electronic form to the court for consideration with a petition. It is particularly useful to make inclusion of the appellate court decision optional to allow it to be omitted where it would be the only item in the addendum. Trial court decisions, however, if germane to the issues raised in a petition, may be helpful to the court in the addendum to the petition. The rule does not bar the filing of a court of appeals decision; it simply removes any requirement for it.

If the court grants further review, the addendum that accompanies the brief should include both the court of appeals and relevant district court orders and judgments pursuant to Rule 130.02.

5

# Rule 118. Accelerated Review by the Supreme Court Prior to a Decision by the Court of Appeals

\* \* \*

**Subd. 2. Petition Requirements.** The petition for accelerated review shall not exceed ~~10 typewritten pages~~4,000 words, exclusive of the caption, signature block, and addendum, and shall contain:

(a) a statement of the issues;

(b) a statement of the case, including all relevant facts, and disposition in the trial court or administrative agency; and

(c) a brief argument in support of the petition.

The addendum shall contain the judgments, orders, findings of fact, and conclusions of law, for which review is sought, and shall otherwise be prepared as prescribed by Rule 130.02.

The petition and addendum shall be filed with the clerk of the appellate courts and shall be accompanied by a Certificate of Document Length.

\* \* \*

# Rule 125. Filing and Service

## 125.01 Filing

\* \* \*

(d) For any document that is required or permitted under these rules to be filed with the trial court, the filer may file or serve the document using the trial court's electronic service system or, except as otherwise excluded by Rule 125.03, any other means authorized by the trial court rules. Separate proof of such service must be filed with the clerk of the appellate courts. Any party to the trial court proceedings registered for use of the trial court's electronic service system shall be deemed to have consented to receive service in this manner.

\* \* \*

**Advisory Committee Comment—2016 Amendments**

Rule 125.01 is amended to include a cross-reference to Rule 125.03, which prohibits use of facsimile transmission for service of appellate pleadings except with the consent of the party to be served. That

6

prohibition continues to apply even for the initial appellate documents (typically the notice of appeal or a petition), which are the only appellate documents that the rules require the parties to file in the district court. *See* Minn. R. Civ. App. P. 103.01, subd. 1(d).

## Rule 128. Briefs

\* \* \*

## 128.03 References in Briefs to Record

**(a) Portions of Record Contained in Any Party's Addendum.** Whenever a reference is made in the briefs to any part of the record that is reproduced in the addendum of any party, the reference shall be made to the specific pages of the addendum where the particular part of the record is reproduced.

**(b) Portions of Record Not Contained in Any Party's Addendum.** Whenever a reference is made to a part of the record that is not reproduced in the addendum of any party, the reference shall be made to the particular part of the record, suitably designated, and to the specific pages of it, e.g., Motion for Summary Judgment, filed 10/3/13, at 1; Transcript, at 135; Plaintiff's Exhibit D, p. 3. Intelligible abbreviations may be used, e.g. Tr. 135, Add. 41, Resp. Add.22.

**(c) Document Index Number.** Whenever a reference is made to a part of the record, either in a brief or in the table of contents of an addendum, the reference should be made to the particular part of the record using the Document Index Number from the trial court Register of Actions, if available, and to the specific pages of it. Abbreviations that clearly direct the court to particular portions of the record, whether or not designated by a Document Index Number, are acceptable.

**Advisory Committee Comment—2016 Amendments**

Several developments in appellate practice in Minnesota militate in favor of modification of Rule 128 both to clarify it and make it more useful to litigants. The adoption of system-wide electronic filing makes the use of a uniform means of referencing electronically filed documents both more desirable and more readily accomplished. The abolition of the appendix in the 2014 amendments to these rules has resulted in increased need to refer to specific parts of the record without the convenience of citing to an appendix page, and word-count size limits for briefs may encourage opaque record citations. The establishment of a more uniform form of Register of Actions within the court system has made this index a useful way to identify documents filed with the district courts, and it is appropriate for the appellate courts to require its use.

The Register of Actions is maintained in all actions to identify documents filed with the court. An example of a Register of Actions entry, including the document index number, is:

Citation to page 3 of the motion might be simply "Doc. 50 at 3." If the motion were included in any party's addendum, citation to "Add.38" would suffice.

The rule is intended to provide guidance on how parties may concisely, but unambiguously, cite to the record. Where the transcript is consecutively paginated, no more than "Tr.x" is need to refer to page x of that transcript, and more is only distracting. Where it is necessary to cite to portions of the record not contained in any party's addendum, a similarly concise citation of "Doc. 11 at 21" would steer the reader to page 21 of document 11 in the Register of Actions. Examples of acceptable abbreviations include:

> Doc. 11 at 21 (should be used if available)
> Transcript at 135, or Tr. 135
> Motion for Summary Judgment, filed 10/3/12, at 1
> Exhibit 21 at 3, or Ex. 21 at 3
> Add.41 or Add. 41
> Resp. Add. 22 or R.Add.22
> Oct. 1, 2013 Order at 17
> Resp. Br. at 34

Similar abbreviations that clearly direct the court to particular portions of the record may be used.

# Rule 130.  Addendum Required, Appendix Not Permitted

\* \* \*

## 130.02 Addendum

**(a) Contents.** Appellant must prepare an addendum and file it with the opening brief or petition. The addendum must include:

(1) a table of contents identifying each document included in the Addendum, including the Document Index Number from the Register of Actions, if available;

(2) a copy of any order, judgment, findings, or trial court memorandum in the action directly relating to or affecting the issues on appeal;

(23) any agreed statement of the record; and

(34) if the constitutionality of a statute is challenged, proof of compliance with Rule 144.

Unpublished decisions, if cited, shall not be included in the addendum, unless those opinions are not generally available in online databases or from Minnesota law libraries, but may be, if required or desired, provided to other parties by alternate means.

**(b) Length.** The addendum must not exceed 50 pages excluding:
(1) the orders and judgments or other materials required by section (a) of this rule;
(2) or documents included pursuant to Rule 128.04; and
(3) unpublished decisions if permitted under section (a) of this rule.

The addendum must be incorporated into the back of the brief or petition, unless it includes a long trial court decision, in which event it may be bound separately.

\* \* \*

### Advisory Committee Comment—2016 Amendments

Rule 130.02 is amended to include a requirement that the addendum include a table of contents. The amended rule also requires use of the Document Index Number for documents filed with the district court, if it is available. Including the Document Index Number in the table of contents allows the court and other parties to locate the document and permits the abbreviated citation to the document by addendum page number.

The committee acknowledges that current statutory authority requires parties to provide each other with copies of unpublished opinions that are cited in the briefs. Unpublished opinions that are available to the appellate courts in online databases, or from Minnesota law libraries, are not to be included in an addendum and are not helpful to the court. Minn. Stat. § 480A.08, subd. 1, only requires that copies be provided to other parties, not to the court. For unpublished opinions that are not excluded by this rule, they may be included as part of the "required" portion of the addendum and need not be counted toward the 50-page limit contained in Rule 130.02(b)-(c). Parties should be aware that the appellate courts have access to online databases through Westlaw and, therefore, should include the appropriate citation for unpublished decisions available on that service.

The rule does not affect the obligation under Minn. Stat. § 480A.08, subd. 3, to provide copies of unpublished opinions to opposing parties or attorneys, but specifies that they should not be filed as part of the addendum. The statute does not require that they be filed with the court, and the court does not have use for copies given their ready availability online or from law libraries.

# Rule 132. Form of Briefs, Addenda, Supplemental Records, Motions, and Other Documents

\* \* \*

## 132.02 Form of Motions and Other Documents

**Subdivision 1. Form Requirements.** Documents not required to be produced in the manner prescribed by Rule 132.01 shall be 8-1/2 by 11 inches in size with typewritten matter not exceeding 6-1/2 by 9-1/2 inches. Any process capable of producing a clear black image on white paper may be used. All material must appear in at least ~~11-point~~13-point type, or its equivalent of not more than ~~16~~14 characters per inch, on unglazed opaque paper. Pages shall be bound or stapled at the top margin and numbered at the center of the bottom margin. Typed material shall be double spaced. Carbon copies shall not be submitted.

**Subd. 2. Caption.** Each document shall contain a caption setting forth the name of the court, the title of the case, the appellate court docket number, and a brief descriptive title of the document~~; and shall be subscribed by the attorney preparing the document together with the preparer's address, telephone number, and attorney registration license number~~.

\* \* \*

## 132.04 Signature

All briefs, motions, notices, and petitions filed with the appellate courts shall be signed by an individual authorized under Rule 143.06 and shall include the signer's name, address, telephone number, email address, and attorney registration license number, if applicable.

> **Advisory Committee Comment—2016 Amendments**
> Rule 132.02 is amended in two ways to make it clearer. Provisions for signing documents are removed from Rule 132.02, subdivision 2, which deals with the caption of appellate pleadings, not signing. Rule 132.04 is a new rule that explicitly sets forth what is necessary for signing appellate documents and extends those requirements to all appellate pleadings.

## Rule 141. Recusal

### 141.01 Recusal in Supreme Court.
**(a) Motion.** A motion seeking the recusal of a justice from a case pending before the court must be made in writing and must be filed and served as directed in Rule 125,

Minnesota Rules of Civil Appellate Procedure. The motion, and any response, must comply with Rule 127, Minnesota Rules of Civil Appellate Procedure.

      **(b) Timing.** Absent good cause demonstrating that the facts upon which the motion is based could not reasonably have been discovered sooner, the motion must be filed no later than 14 days after the filing of a notice of appeal or petition that initiates the case in the supreme court. In a case in which discretionary review is sought and the court grants review, the motion must be filed within 14 days of the date of the order of the court granting review. No hearing or oral argument shall be permitted on the motion.

      A motion for recusal shall be decided promptly, but in any event within 3 days after the due date of any response, by the justice who is the subject of the motion, and shall be resolved by written order that, if denied, states the grounds upon which the motion is denied. The decision shall be filed with the clerk of the appellate courts.

      **(c) Review of Recusal Decision.** If the motion is denied by the justice whose recusal is sought, the moving party may request review of that discretionary decision within 5 days of the filing of the order, by filing and serving a motion for review as directed in Minn. R. Civ. App. P. 125. A response, if any, must be filed and served within 3 days after service of the motion for review. The motion for review and response shall each be limited to 2,000 words, exclusive of the caption and signature. No further arguments or briefing shall be permitted with the motion for review.

      Review shall be conducted by a three-member panel randomly selected from a list maintained by the clerk of the appellate courts of individuals designated as eligible to serve as acting justices solely for purposes of this rule. The panel shall file a binding written decision within 14 days after a motion for review is filed. No further review or reconsideration of the panel's decision will be permitted.

**Rule 141.02 Recusal in Court of Appeals.**
      **(a) Motion.** A motion seeking the recusal of a member of a panel assigned to a particular case must be made in writing and must be filed and served as directed in Rule 125, Minnesota Rules of Civil Appellate Procedure. The motion, and any response, must comply with Rule 127, Minnesota Rules of Civil Appellate Procedure.

      **(b) Timing.** Absent good cause demonstrating that the facts upon which the motion is based could not reasonably have been discovered sooner, the motion must be filed no later than 7 days after the notice of oral argument or nonoral conference or, as to newly named members of a panel, the subsequent notice of substitution or other change in the composition of the panel is issued. No hearing or oral argument shall be permitted on the motion.

      A motion for recusal shall be decided promptly, but in any event within 3 days after

11

the due date of any response, by the judge who is the subject of the motion. If the judge decides to recuse, a notice of substitution shall be issued. If the judge decides not to recuse, a written order stating the grounds upon which the motion is denied shall be filed with the clerk of the appellate courts.

**(c) Review of Recusal Decision.** If the motion is denied by the judge whose recusal is sought, the moving party may request review of that discretionary decision within 5 days of the filing of the order, by filing and serving a motion for review as directed in Minn. R. Civ. App. P. 125. A response, if any, must be filed and served within 3 days after service of the motion for review. The motion for review and response shall each be limited to 2,000 words, exclusive of the caption and signature. No hearing or oral argument shall be permitted. The review shall be conducted by the chief judge and two randomly selected active judges of the court of appeals who are not designated to serve on the panel for the case in which review is sought. The panel shall file a binding written decision within 14 days after a motion for review is filed.

**Advisory Committee Comment—2016 Amendments**

Rule 141 is a new rule intended to establish a uniform and public process for considering motions for recusal or disqualification of an appellate justice or judge from participation in a pending appeal. This rule is only a rule of procedure—it is not intended to address, establish, or modify any grounds for recusal, as those issues are well outside the scope of any rule of procedure. All appellate judges are subject to the Minnesota Code of Judicial Conduct, which is a primary source of standards that may permit or require recusal.

The rule creates different procedures for recusal in the supreme court and court of appeals because of the fundamental differences in how the courts hear cases—the supreme court sits en banc, so recusal generally results in argument to a court of fewer members. In the court of appeals, recusal results more readily in assignment of a replacement judge to hear the case. The rule also recognizes that it would be wasteful to require a motion to recuse to be brought in the court of appeals before it is known which judges are assigned to hear an appeal. Because this assignment occurs relatively late in the process, the recusal motion requirement is not triggered until the notice of assignment is made.

The rule requires that a recusal request be decided promptly by the justice or judge receiving it, but sets an outer limit of three days after a response, if any, would be due under Rule 125. In many instances a decision on recusal could be properly rendered without any response being required, but in some cases, the court might be helped by the views of the other parties.

## Rule 143. Parties; Substitution; Attorneys; Signing of Appellate Pleadings

* * *

### 143.05 Attorneys

**Subdivision 1. Admission Required; Admission Pro Hac Vice.** All briefs, motions, notices, and petitions filed with the appellate courts must be signed by an attorney licensed

12

~~to practice in this State, or admitted pro hac vice to practice before the appellate courts.~~ No attorney may sign appellate pleadings or present argument to the appellate courts unless licensed to practice in this State or admitted pro hac vice to appear before the appellate court as provided for by this rule.

An attorney licensed to practice law in Minnesota may move for the admission pro hac vice of an attorney admitted to practice law in another state or territory. The motion shall be accompanied by an affidavit of the attorney seeking pro hac vice admission attesting that he or she is a member in good standing of the bar of another state or territory.

**Subd. 2. Withdrawal of attorneys.** (a) After a lawyer has appeared for a party in the appellate courts, withdrawal will be effective only if written notice of withdrawal is served on the client and all parties who have appeared, or their lawyers if represented by counsel, and is filed with the Clerk of Appellate Courts. The notice of withdrawal shall state the address at which the ~~client~~party can be served and the address and phone number at which the ~~client~~party can be notified of matters relating to the appeal and shall be accompanied by proof of service.

(b) Withdrawal of an attorney does not create any right to extend briefing deadlines or postpone argument.

**Subd. 3. Certified students.** A law student who is certified pursuant to the Minnesota Student Practice Rules may present oral argument only with leave of the appellate court. A motion for leave to present oral argument must be filed no later than ~~ten~~10 days before the date of the scheduled oral argument. The student may participate in oral argument only in the presence of the attorney of record.

## 143.06 Signature
All briefs, motions, notices, and petitions filed with the appellate courts must be signed by every self-represented litigant or by:
 1. an attorney licensed to practice in this State; or
 2. an attorney admitted pro hac vice to practice before the appellate courts.

**Advisory Committee Comment—2016 Amendments**
Rule 143 is amended in two ways. Language relating to signing of appellate filings is removed from Rule 143.05 and replaced by a new Rule 143.06 that clarifies what documents must be signed and who may properly sign them. Including the signing requirements in a rule devoted to the caption of pleadings does not make it likely that the reader of the rules will locate the signing requirements. "Signed" is defined in Rule 101.02, subd. 7.
This amendment clarifies that pro hac vice admission is not required for an attorney to appear on a brief as one of several attorneys, but every attorney-signed appellate pleading must be signed by at least one attorney

who is a member of the Minnesota bar or who has been admitted pro hac vice. Oral argument may only be presented by an attorney who is a member of the Minnesota bar or who is admitted pro hac vice.

Because self-represented litigants may sign only for themselves, all self-represented litigants must sign briefs, motions, notices, and petitions filed on their behalf. The requirement of signing for a represented party is met by the signing by any one of the counsel of record for a party.

The rule underscores the fact that pro hac vice admission in the trial courts does not carry over into the appellate courts. Rule 143.05 provides for admission pro hac vice in the appellate courts and is not amended as to that process. Similarly, separate motions for admission pro hac vice are required in the Minnesota Court of Appeals and the Minnesota Supreme Court if a case proceeds to that court.

# FORM 132—CERTIFICATION OF ~~BRIEF~~ LENGTH <u>OF DOCUMENT</u>

STATE OF MINNESOTA

(IN SUPREME COURT
OR
IN COURT OF APPEALS)

APPELLATE COURT CASE NUMBER:

CASE TITLE:

Appellant,          CERTIFICATION OF ~~BRIEF~~ LENGTH <u>OF DOCUMENT</u>

    vs.

Respondent.

    I hereby certify that this ~~brief~~ <u>document</u> conforms to the requirements of ~~Minn. R. Civ. App. P. 132.01, subds. 1 and 3,~~ <u>the applicable rules</u> ~~for a brief~~<u>,</u> is produced with a [monospaced] [proportional] font. ~~The~~<u>, and</u> the length of this ~~brief~~ <u>document</u> is .... [lines] [words]. This brief was prepared using [name and version of word processing software].

DATED:
NAME, ADDRESS, ZIP CODE, TELEPHONE NUMBER, <u>EMAIL ADDRESS,</u> AND ATTORNEY REGISTRATION LICENSE NUMBER OF ATTORNEY(S) FOR ~~PETITIONER~~<u>[PARTY]</u>:

_____

_____

_____

_____

SIGNATURE